**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERWIN JORDAN CASTRO VALDEZ,<br>Petitioner,<br>v.<br>WARDEN, OTAY MESA DETENTION CENTER,<br>Respondent. | Case No. 26-cv-06147-BAS-JLB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Erwin Jordan Castro Valdez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This is Petitioner's second action challenging his immigration custody since September 2026. (*See Castro Valdez v. Mullin*, No. 26-cv-05315-BAS-JLB (S.D. Cal. filed Sept. 15, 2026) ("First Petition").)

Petitioner is a Cuban national who was paroled into the United States. (First Petition, ECF No. 7.) On June 23, 2026, Petitioner was arrested for insurance fraud, grand theft, and making a false report of a crime to law enforcement. (*Id.*) The Court reasoned that Petitioner is entitled to a bond hearing to determine whether this change in circumstances

justifies revoking his parole. (First Petition, ECF No. 9.) Hence, the Court granted in part the First Petition and ordered that a bond hearing occur within fourteen days. (*Id.*)

Less than two weeks later, Petitioner filed this action. (ECF No. 1.) Petitioner was denied bond in light of his pending state criminal case. (*Id.*) He is seeking to now challenge the Immigration Judge's bond determination and asks for immediate release. (*Id.*)

The Petition cannot proceed because Petitioner must first exhaust his administrative remedies. "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He has the option to appeal his bond denial to the Board of Immigration Appeals ("BIA"). Although this is a prudential requirement, requiring appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If, as Petitioner argues, the Immigration Judge made an incorrect decision, appealing to the BIA allows the agency to correct its own mistakes and precludes the need for judicial review. And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons

for requiring administrative exhaustion). Petitioner fails to demonstrate any grounds for waiving the requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

Because Petitioner has failed to exhaust his administrative remedies by appealing his bond determination to the BIA, the Court **DENIES** the Petition. (ECF No. 1.) The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: October 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**